IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT J. MICHEAU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. 1:07-CV-158 |
| | ) |
| JAY COUNTY SHERIFF, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

This matter is before the Court on the Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.E. # 11) filed September 6, 2007, by the Petitioner, Robert J. Micheau as well as his two responses (D.E. # 25 and 26) to this court's order (D.E. # 24) that he show why the untimeliness of his petition should not yield dismissal of his challenge to the Texas judgment of conviction and 20 year sentence and why his failure to exhaust available state court remedies should not result in dismissal of his petition challenging the parole revocation. For the reasons set forth below, the Amended Petition (D.E. # 11) is **DENIED** and the clerk is **DIRECTED** to enter final judgment in the case against the petitioner, Robert J. Micheau.

BACKGROUND

In the show cause order (D.E. # 24), this court analyzed the claims presented in the amended habeas corpus petition filed by Robert J. Micheau and afforded him the opportunity to explain why

a challenge to his Texas conviction was timely and why a challenge to his Indiana parole revocation hearing had been exhausted. In his second response, Micheau states that, "I am not challenging the Texas conviction I received in 1990 which resulted in a twenty-(20) year sentence." Response at 1 (D.E. # 26).

In his response to the exhaustion of his parole revocation claims, he clarifies that, "the sole purpose of the original writ was to challenge Jay County's violation of IC 11-13-5-1." Response at 1 (D.E. # 26).

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to preliminarily review a petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4, a district court may consider threshold constraints on federal habeas petitioners including timeliness of the petition, failure to exhaust state remedies, procedural bar, and nonretroactivity. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Because Micheau states that he is not attempting to challenge his 1990 Texas judgment of conviction and 20 year sentence in this petition, that is not a basis for habeas relief and need not be further analyzed in this opinion.

Micheau does argue that, "[b]y the evidence presented it is clear that the State did not provide a hearing as required by IC 11-13-5-1." Response at 3 (D.E. # 26).

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995). Though Micheau argues that the state court has never determined this state law question, it is still outside the jurisdiction of this court to grant habeas relief for any reason other than a violation of "the Constitution, laws, or treaties of the United States." *Id.* Because this court cannot grant habeas relief for a violation Indiana Code 11-13-5-1, this petition must be denied.

CONCLUSION

For the reasons set forth above, the Amended Petition (D.E. # 11) is **DENIED** and the clerk is **DIRECTED** to enter final judgment in the case against the petitioner, Robert J. Micheau.

**DATED: April 2, 2008**                                  /S/RUDY LOZANO, Judge
                                                          **United State District Court**

3